B. F. SIMPSON, *et al.*, v. D. P. ALEXANDER.

1. CONVERSION; *Measure of Damages.* In an action to recover damages for the seizure and conversion of a stock of merchandise, the plaintiff is entitled to recover the value of the property at the time of conversion, with interest thereafter at the rate of seven per cent. (*Shepard v. Pratt,* 16 Kas. 209.)

2. ———— Evidence examined, and held to be sufficient to sustain the verdict.

*Error from Shawnee District Court.*

ACTION by *Alexander* against *Simpson* and another, to recover damages for the seizure and conversion of a stock of merchandise of which plaintiff claimed to be the owner. Trial at the January Term, 1884, and judgment for plaintiff for $2,650. The defendants bring the case to this court. The material facts appear in the opinion.

*W. C. Webb,* and *Waters & Ensminger,* for plaintiffs in error.

*Stanley & Wall,* and *J. B. Johnson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: D. P. Alexander brought this action against the plaintiffs in error to recover damages for the seizure and conversion of a stock of merchandise of which he claimed to be the owner. The seizure was made by B. F. Simpson, as United States marshal, and John H. Smith, as deputy marshal, under and by virtue of a writ of attachment issued out

15 — 35 KAS.

of the United States circuit court, in an action by Charles R. Lewis against the Alexander Brothers, a firm composed of the three sons of D. P. Alexander, and the stock was levied on as the property of the firm. The controversy in this case was in regard to the ownership of the goods. The jury found in favor of D. P. Alexander, and awarded him damages in the sum of $2,650. A new trial was asked and denied, and the principal ground relied upon was that the findings and verdict of the jury were not sustained by the evidence. The testimony is voluminous and somewhat conflicting. A review of it here could be of no profit, but we have read it with care, and have no hesitation in saying that it sufficiently supports the verdict rendered. It is true that the testimony of two of the witnesses tended to show that the Alexander Bros. may have had an interest in the stock of merchandise; but against one of these there was considerable impeaching testimony offered, and both were contradicted by four or five other witnesses, who appear to be at least equally credible. But it is not our province to judge of the weight of the testimony, nor to settle upon which side the preponderance was. There was testimony which fully justified the verdict, and the district court and jury having passed upon the question of ownership, and determined it in favor of the plaintiff below, it has passed beyond our province to interfere, or to disturb the result which they have reached.

2. Evidence supports verdict.

What has been said respecting the general verdict applies to the complaint made that the answers to certain special questions are not supported by the testimony. In response to the question of what was the value of the goods taken from the store of the Alexander Bros., in Wichita, to the store of the defendant in error, at Wellington, the answer was, $1,100. The testimony placed the value at from $1,100 to $1,460, and although it seems to us that the preponderance of testimony showed that the goods thus transferred were worth more than $1,100, yet there was some testimony upon which to found the answer. But, if it is granted that the jury were mistaken, it would not warrant us in disturbing the verdict. The in-

quiry with respect to this transaction was concerning the good faith and honesty of the parties, and the value of the goods transferred was not of great importance. In effect the jury have found that the transfer was honestly made, and therefore an error of the jury in fixing the value of the goods transferred, if such there was, does not affect the general verdict.

Error is also assigned upon the ruling of the court that interest might be allowed as an element of damages. The instruction of the court was :

"If you find for the plaintiff, the measure of his damages will be the value of the goods at the time they were taken by the defendants at the place they were so taken, with seven per cent. interest on such amount from the time of conversion."

We see no objection to this ruling. The theory of the law is that the party whose property has been taken and converted shall receive full indemnity for the loss. He has been wrongfully deprived of the use of his property, and certainly the one who takes and appropriates it ought not to reap any benefit by reason of his wrong-doing. In this case, the business of the plaintiff below was interrupted, and for years he has been kept out of the possession of a large stock of merchandise and from the use of the money arising from its sale, and the mere value of the property when it was taken and converted would be wholly inadequate to repair his loss. So it has been said in cases of this kind, that the owner is entitled to recover the value of the property at the time of conversion, with interest thereon to the date of the verdict. (*Shepard v. Pratt,* 16 Kas. 209 ; *Andrews v. Durant,* 18 N. Y. 496 ; *Chapman v. C. & N. W. Rly. Co.,* 26 Wis. 295 ; *McCormick v. Pennsylvania Central Rld. Co.,* 49 N. Y. 303 ; *Hamer v. Hathaway,* 33 Cal. 117 ; 1 Sutherland on Damages, 174.)

Conversion; measure of damages.

In our opinion the judgment of the district court should be affirmed.

All the Justices concurring.