# THEODORE B. MEAD v. FLOYD T. MEAD.[1]

November 3, 1911.

Nos. 17,219—(37).

**Judgment — plea in bar — conversion of crop.**

In an action of replevin to recover crops raised on plaintiff's land by defendant, a judgment in a former action in conversion was pleaded as a bar. It is *held:*

1. That, to constitute a bar, it must appear that recovery was or might have been had in the former action for the value of the property sought to be recovered in this action.

2. A mortgage by defendant of part of the crops constituted a conversion of the part mortgaged, but not of the crops not mortgaged.

3. The evidence does not sustain a finding that the property for the conversion of which recovery was or might have been had in the former action was all the crops raised on the land, and included the property sought to be recovered in this action.

Action in the district court for Lac qui Parle county to recover possession of a quantity of corn or for $500, the value thereof. The reply was a general denial. The case was tried before Powers, J., and a jury. At the close of the trial it was stipulated by the parties that the jury should be discharged, and the court thereupon discharged the jury. The court made findings of fact and as conclusions of law held that the former action between the same parties, and the judgment therein, was a bar to the present action; that defendant was entitled to immediate possession of all the property taken from him by the sheriff and delivered to plaintiff on March 19, 1910. From an order denying plaintiff's motion for a new trial, he appealed. Reversed and new trial granted.

*J. H. Driscoll* and *T. J. McElligott,* for appellant.

*H. L. Hayden* and *A. W. Ewing,* for respondent.

[1] Reported in 132 N. W. 1132.

Bunn, J.

This is a replevin action, brought to recover the possession of husked and unhusked corn alleged to belong to plaintiff and to be wrongfully withheld by defendant, after demand made. A writ of replevin was issued, and the corn delivered to plaintiff. Defendant answered, claiming that he owned the corn, and pleading in bar of the action a judgment in a former action between the same parties. The case was tried by the court, and resulted in a decision for defendant; the trial court holding that the judgment rendered in the former action was a bar. A motion for amended findings was made, but never disposed of by the court. A motion for a new trial was denied, and plaintiff appealed from the order.

The question is whether the judgment in the former action was a bar to this action. The facts are as follows: Plaintiff and defendant are father and son. In March, 1909, they entered into a contract in writing, by which defendant was to till and farm for one year a quarter section of land owned by plaintiff. It was provided that the title and right of possession of the crops raised should remain in plaintiff until all the conditions of the contract were fulfilled, when plaintiff was to deliver two-thirds of the crops raised to defendant. Defendant farmed the land during the season of 1909, and in October had about one hundred acres of corn, twenty acres of which were fodder corn. October 30, 1909, defendant, to secure a debt, mortgaged to the Madison State Bank "sixty acres of field corn and twenty acres of fodder corn" on the farm. This was without plaintiff's knowledge. The bank had no notice of plaintiff's title. Plaintiff then commenced an action against defendant, claiming conversion of two thousand bushels of corn. The answer was a general denial. This action was tried before the court and a jury. The act of conversion relied on by plaintiff was the defendant's mortgaging the sixty acres of corn to the bank. The court held that giving the mortgage was an act of conversion, and instructed the jury to return a verdict for plaintiff for the value of the sixty acres of field corn. The evidence had placed this value at $10 per acre, and the jury assessed plaintiff's damages at $600. Afterwards the trial court reduced this to $200, on the theory that plaintiff under the contract would be ulti-

mately entitled to but one-third of the crop. Judgment was entered, and afterwards paid by defendant.

The question whether such judgment is a bar to this action depends upon whether the property sought to be recovered in this action was part of the corn for the conversion of which recovery was or might have been had in the former action. It is plain that the plaintiff could not in the former action recover the value of any crops on the farm that had not been converted by defendant at the time the action was commenced. It is equally plain that there had been no conversion of any of the corn, except that sixty acres mortgaged. No demand was made, and the sole act of conversion was the act of defendant in giving the mortgage. This was clearly recognized by the instruction to the jury in the former action to return a verdict for the value of the sixty acres of corn. If, therefore, the corn sought to be recovered in the present replevin action was part of the corn mortgaged, the former action is a bar; but, if the corn taken on the writ in this case was not a part of the corn mortgaged to the bank, the former action is not a bar.

It does not seem to be controverted that there was more field corn on the farm than the sixty acres mortgaged. Plaintiff testified that there were seventy acres of field corn. Defendant says there were about eighty acres. It is clear, then, that the bank mortgage did not cover ten or twenty acres of corn. It is true that the mortgage did not describe any particular sixty acres, and there is an absence of evidence as to what, if any, corn was taken possession of by the mortgagee; but the debt for which the mortgage was given became due November 2, 1909, and this, together with the fact that but three hundred forty-two bushels remained on the farm in March, 1910, indicates that the corn grown on sixty acres must have been removed from the farm prior to March. The testimony was that the crop averaged thirty bushels to the acre, and certainly the three hundred forty-two bushels could all have been raised on the twenty or ten acres not covered by the mortgage. On the whole, we think it fairly clear that the corn taken on the replevin writ was not a part of the corn mortgaged, and therefore not included in the recovery in the former action.

We are of the opinion, also, that recovery could not have been had in the former action for any corn not covered by the mortgage. It would be very clear that, if defendant had mortgaged eighteen hundred bushels of corn out of twenty-one hundred bushels that were on the farm, it would not be a conversion of the three hundred bushels not mortgaged. The fact that the measure was acres, instead of bushels, is immaterial. As to the corn not mortgaged there was no conversion until the demand was made and refused. This is not a case of splitting causes of action. Plaintiff's cause of action in the present case did not exist when the former action was brought. Defendant converted part of plaintiff's property, and plaintiff sought and obtained judgment for such conversion. If defendant then converts more of plaintiff's property, is plaintiff to be without remedy? We apprehend that there can be no dissent from a negative answer to this question. The injustice of a contrary rule would appear more clearly if the first conversion had been of only a small part of the property; but, of course, the principle is the same. That the complaint in the former action alleged a conversion of two thousand bushels of corn is a fact of no moment. The action was tried on the theory that the conversion was of the sixty acres mortgaged, and no more, and this theory was clearly right.

We conclude that the findings of fact, in so far as they can be construed as finding that the property for the conversion of which recovery was or might have been had in the former action was all the corn raised on the farm in the year 1909, are not sustained by the evidence. If the findings cannot be so construed, there is a failure to find on the pivotal fact in the case. In either event there should be a new trial.

Order reversed, and new trial granted.