No. 27,520.

F. E. HERRING et al., *Appellants*, v. THE BLUE MOUND MINING COMPANY, *Appellee.*

(257 Pac. 955.)

SYLLABUS BY THE COURT.

1. TROVER AND CONVERSION — *Conversion of Part as Conversion of Whole — Question of Fact.* In an action for damages for conversion of machinery, the question whether the unauthorized taking of parts of the machine amounts to a conversion of the whole, is largely a question of fact to be determined by the trial court.

2. SAME — *Conversion of Part as Conversion of Whole — Findings.* Under the facts of this case the trial court correctly held that the unauthorized taking of parts of a compressor did not amount to the conversion of the whole of it.

3. JUDGMENTS—*Necessity of Pleading and Proof.* A party to an action is not in position to insist that judgment be rendered upon an issue which is not pleaded and upon which he has offered no evidence.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed July 9, 1927. Affirmed.

*Al F. Williams, Don H. Elleman,* both of Columbus, *George A. Henshaw* and *A. Carey Hough,* both of Oklahoma City, Okla., for the appellants.

*S. C. Westcott,* of Galena, *Geo. J. Grayston* and *Charles M. Grayston,* both of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for conversion. It was tried to the court, nominal damages only were allowed, and plaintiffs have appealed. Plaintiffs were the owners of an Ingersoll steam air compressor, being a part of and designed to be used in a mill for milling lead and zinc ore. Plaintiffs had taken this compressor onto premises which they had leased with the intention of erecting a mill in which it would be used. The mill was not erected, and the compressor stood on the lease for some months. Defendant had a mill a few miles away in which there was a compressor of the same make. Some repairs were needed for this. Defendant sent one of its men to plaintiffs' compressor, which was looked after by a watchman, who had no authority to let any of the parts go, and got some of the parts

Judgments, 33 C. J. pp. 1139 n. 52, 1141 n. 57. Trover and Conversion, 38 Cyc. pp. 2019 n. 94, 2020 n. 7, 2086 n. 25, 2088 n. 33, 2092 n. 56, 2094 n. 60, 2106 n. 39.

of plaintiffs' compressor to repair the compressor owned by defendant. Some months later these parts were returned. It was plaintiffs' contention in the court below that the parts taken by defendant and the exposure to the weather conditions in which defendant's workman left plaintiffs' compressor at the time the parts were taken, damaged the compressor to such an extent that it was rendered useless. The action was for the full value of the compressor. After evidence had been introduced the court indicated that plaintiffs were not entitled to the full value of the compressor, and gave plaintiffs permission to amend their petition so as to claim damages only for the taking of the parts and such damage as was actually sustained by reason thereof. A continuance was granted, in part at least, to enable plaintiffs to make such amendment, if they cared to do so. The case stood in this condition for some time. When it was finally called for final trial plaintiffs specifically declined to amend so as to present a claim for partial damages, and stood on their original petition, claiming there had been a conversion of the compressor as a whole. Additional evidence was taken. The court held against plaintiffs on their contention that the compressor had been wholly damaged, but because it was obvious there had been some damage, although the amount of that had not been established by evidence, the court allowed plaintiff nominal damages only.

One who, without authority for so doing, takes and uses the property of another, is liable therefor. (26 R. C. L. 1110 *et seq.;* 38 Cyc. 2017 *et seq.; Simpson v. Alexander,* 35 Kan. 225, 11 Pac. 171; *Brown v. Campbell,* 44 Kan. 237, 24 Pac. 492.) This point is not controverted in this case. Appellants' principal contention is that the court should have allowed damages for the compressor as a whole. Naturally, this is largely a question of fact, and depends, of course, on what parts were taken and their relation to the compressor as a whole, or to parts not taken. Here the part taken was the piston, or piston rods, from the engine (constructed much like the engine of an automobile) of the compressor; possibly some other specific parts were taken. Did this necessarily amount to the taking of the whole compressor? In 38 Cyc. 2019, the rule is thus stated:

"Conversion of a part amounts to conversion of the whole of a chattel when the circumstances evince a purpose to control or dispose of the whole of it, or whenever the remaining part is thereby impaired in value or utility."

There is nothing in the record evincing a purpose on the part of

defendant to control or dispose of the whole of the compressor. Indeed, appellants do not so contend; but they do contend that the remaining part was "thereby impaired in value or utility." It is obvious this language is used by the author in a general sense. If one without authority to do so were to take a spark plug, worth a dollar or less, from an automobile, worth a thousand dollars or more, he might thereby impair its value or utility, but in a civil action against him by the owner, for damages for conversion, it would hardly be said that the measure of recovery would be the full value of the automobile. This illustration, as to its details, exaggerates appellants' claim, but in principle is identical with it. Just how much of a machine must be taken without authority should be held to be the taking of the whole must depend upon the facts and circumstances of the particular case. The measure of damages is compensation for the injury sustained. (*Railway Co. v. Implement Co.*, 73 Kan. 295, 301, 85 Pac. 408, 87 Pac. 80.) Usually it is in the value of the property converted at the time and place of the conversion (*Shepard v. Pratt*, 16 Kan. 209, syl. ¶ 8), and for additional injury, if any, resulting from the conversion (26 R. C. L. 1148). See, also, *First State Bank of Hamlin v. Jones & Nixon*, 60 Tex. Civ. App. 523; and generally, when only a part of certain property is taken, an action for conversion lies only for the part taken. (*Laam v. Green*, 106 Ore. 311; *Mead v. Mead*, 115 Minn. 524.)

In this case plaintiffs' property was in the care of a watchman. Defendant's employee came with a purported order for certain parts, and the watchman permitted the parts to be taken. This was repeated on one or two later occasions. If it be taken as established that these respective orders were issued by some one who had no authority to issue them, and that the watchman had no authority to allow the compressor or any of its parts to be taken, hence, that the taking of the parts was unauthorized, the fact remains that defendant made no attempt to assume dominion of the compressor as a whole. Defendant's only claim (and this proved not to be well founded) was the right to take and use a few of the parts of the compressor. Defendant asserted no rights of ownership in or possession of the whole compressor, nor did it deny plaintiffs' rights thereto. What defendant did was really in recognition of, and in subordination to, plaintiffs' rights of title and possession of the compressor. Hence, the trial court correctly found that plaintiffs were

not entitled to recover damages for the conversion of the compressor as a whole.

Appellants contend that in any event the court should have allowed more than nominal damages, and should have allowed damages for the value of the parts taken. The difficulty in this contention is that the pleadings in the case were not so framed as to present the issue of what damages, if any, the plaintiffs should recover for the parts taken; neither was this question tried out. Plaintiffs offered no evidence on that theory of the case. It is true that one of the witnesses for defendant, in answer to a question objected to by plaintiffs, stated his judgment of the value of the parts taken to be $200. Perhaps the court should have sustained plaintiffs' objection to this question, but since the case was being tried to the court, whether he did so or not is of but little consequence. It is clear that other factors would have entered into the question of the amount of damages which plaintiffs should recover if the case were tried on that theory. The parts had been returned. There is no evidence as to what their condition was or their value at the time of their return. It may be they were in as good condition as when taken, and that the value of the parts taken was not the proper measure of damages for their wrongful taking when in fact they were returned in good condition. Neither was it alleged, nor was any evidence offered, to show injury or damage to plaintiffs by reason of their not having the use of the parts during the time they were gone. An opportunity was given plaintiffs to reframe their pleadings to claim damages resulting from the taking of the parts only, but plaintiffs declined to recast their pleadings on that theory, or to offer evidence upon that theory, and they are not now in position to complain that no relief was granted on that theory.

The judgment of the court below is affirmed.