NEW YORK CENTRAL RAILROAD COMPANY *v.* BUCKLEY RUBBER COMPANY.

[No. 14,496. Filed November 2, 1933. Rehearing denied February 2, 1934. Transfer denied June 29, 1934.]

*Townsend, Thomas & Hilgemann, Wayne & Bertrand,* and *Bertrand Walker,* for appellant.

*Atkinson & Husselman,. Edgar W. Atkinson* and *Oak Husselman,* for appellee.

BRIDWELL, J.—Appellee brought this action against appellant to recover damages for the conversion of a calender for processing rubber, alleged to be of the value of $2,300. The complaint was answered by a general denial and a counterclaim, the counterclaim seeking to recover the sum of $2,565.60 alleged to be due and owing to appellant from appellee for storage of parts of the calender referred to in the complaint, which parts, it is alleged, weighed eight tons, and were left by the appellee upon the premises of appellant from November 17, 1926, when the car was unloaded by appellee, until the 28th day of August, 1928. The case was tried by a jury. The verdict returned was for the appellee on its complaint for $1,100, for appellant on its counterclaim for $24, and, for a balance in favor of appellee of $1,076. Appellant filed its motion for a new trial alleging as reasons therefor that the verdict for the appellee is not sustained by sufficient evidence; that it is contrary to law; that the damages awarded to appellee are excessive; error in the assessment of the amount of recovery for the appellee, in that the same is too large; error in the assessment of the amount of the recovery for the appellant on its counterclaim, in

that the same is too small; that the verdict on the counterclaim of the appellant is contrary to law; error in the giving of certain instructions to the jury; and error in refusing to give certain instructions tendered by the defendant. This motion was overruled and appellant excepted. Judgment in favor of appellee for $1,076 was rendered on the verdict, and this appeal followed, the appellant assigning as error the overruling of its motion for a new trial.

It appears from the evidence that appellee purchased the calender, alleged to have been converted, at Springfield, Illinois, in the fall of 1926 and caused it to be transported by railroad to Auburn, Indiana. It weighed approximately 28 tons and was shipped "knocked down." When the car in which it was shipped reached its destination, over appellant's railroad, it was placed by appellant on a "team track" near the plant of appellee. Appellee accepted the shipment, paid the freight, and unloaded the calender, the work of unloading being completed on November 17, 1926. Appellee then caused most of the parts constituting the calender to be placed in its plant, which was adjacent to appellant's right of way, but left upon said right of way, five pieces or parts of said calender. These parts remained upon the right of way until the 25th day of August, 1928, at which time they were removed therefrom by a "junk dealer," to whom appellant gave the parts if he would bear the expense of removal.

Appellee's complaint alleges that appellant converted the entire calender and the theory upon which appellee tried its case, and upon which it briefs this cause on appeal, is that the conversion of a part of the calender in question amounts to a conversion of the whole.

There is a complete failure to prove the conversion of the entire calender and the uncontradicted evidence

establishes that only five parts were taken; that each of these parts could have been replaced by purchase of similar parts; that each separate part had a market value at Auburn, Indiana, on the day of the alleged conversion. There is no evidence as to the value of any of these separate parts.

In cases like this, where separate parts of a machine, engine, vehicle, or like property, must be assembled in order to make a completed whole that is capable of being used in accomplishing the purpose for which it was designed and manufactured, and there is a taking and conversion of one or more of the parts only, the value of the parts at the time and place of conversion, together with such consequential damages as followed the act, would be the limit of the amount recoverable. Under the uncontroverted facts proven in this case we are of the opinion that the evidence is not sufficient to sustain the verdict of the jury in favor of appellee, and that such verdict is contrary to law.

Appellant also asserts that the verdict of the jury on its counterclaim is not sustained by sufficient evidence and is contrary to law because of the fact that the undisputed evidence proves that parts of the calender were left on its right of way from November 17, 1926, to August 25, 1928; that, exclusive of Sundays and holidays, the parts were on its premises for 537 days; that in accordance with its rates published and filed with the Interstate Commerce Commission it should have recovered from appellee on its counterclaim the sum of $2,565.60, instead of the $24 awarded by the verdict. We can not sustain this contention. The record affirmatively discloses that the shipment in question was accepted by and delivered to the appellee and by it unloaded; the freight was paid and possession taken by appellee. There is an entire absence of any evidence tending to prove any further duty resting upon appel-

lant in connection with the shipment in question; nor is there any evidence of any agreement for the storage of these parts, subsequently made; nor any evidence tending to prove that the property was left in the custody of the appellant after its unloading. Under such a state of facts appellant is not entitled to recover any amount on its counterclaim as the relationship of carrier and shipper was terminated when delivery was made to the consignee and possession of the property taken by it. The verdict of the jury in favor of appellant on its counterclaim is also contrary to law.

Appellant's contention that the court erred in refusing to give each of its tendered instructions numbered one, five, and six can not prevail. Instructions one and five each requested, among other things, that the jury be instructed that the appellant was entitled to recover the sum of $2,565.60 on its counterclaim. Instruction six asked that the jury be told that the appellant had a lien on the property in question for storage charges, according to the rates published and filed with the Interstate Commerce Commission, which it was required under penalty to collect, and that this lien precluded appellee, or anyone else, from taking possession of said property until the storage thereon was paid or tendered. The court did not err in refusing to give either of these instructions. The other alleged errors stated in the motion for a new trial, as causes why same should have been granted, are not discussed by appellant under "Points and Authorities" and need not be considered.

The trial court erred in overruling appellant's motion for a new trial. Judgment reversed with instructions to sustain said motion, and that such other proceedings as are required in connection with this cause, be consistent with this opinion.

Wood, P. J., having been of counsel, not participating.