Elizabeth A. Wilkerson, referred to hereinafter as the landlord, owned farm land in Jackson county which she rented, during the years 1927, 1928, and 1929 to Price Wilkerson the defendant in error. From him under the terms of the rental agreement, she was to receive one-third of the grain and feed and one-fourth of the cotton that should be grown on the land. During the years enumerated, he raised on the land, and shipped with the landlord's consent, and stored with a factor at Galveston, 98 bales of cotton.
Upon the cotton shipped to Galveston the defendant in error drew from the factor, prior to the death of the landlord, aggregate advances of $2,900, which advances together with other items for transportation and warehousing were charged by the factor against the shipment. There is no evidence that the landlord knew of the advances, all which the defendant in error appropriated. After the cotton had been shipped its market *Page 594 
value gradually declined. Subsequently to the drawing of the advances by the defendant in error, and upon his refusal, upon demand of the factor, to deposit margin, the latter sold the cotton. The defendant in error received nothing further upon the cotton, or from the proceeds of this sale.
In 1930, after the advances had been made, the landlord died. Her personal representative instituted the suit herein referred to as cause No. 4820 against defendant in error to establish title to one-fourth interest in the cotton and for an accounting from the defendant in error for the proceeds thereof and for a judgment for the value thereof in the event he failed to make such accounting. The defendant in error answered that the landlord was the owner of a one-fourth interest in the cotton, and that he was willing and ready to account for a one-fourth interest therein, subject to storage charges and freight paid for by the factor alleged that the plaintiff in error, Fletcher T. Wilkerson, claimed an interest or title to the rents in controversy, and asked that the latter be required to interplead and that the court determine the ownership of the cotton, and that he, Price Wilkerson, was ready and willing to surrender the rents to the owner thereof.
Fletcher T. Wilkerson, at the order of the court, interpleaded in cause No. 4820, alleging that he was entitled to the proceeds of the sale of said cotton because the landlord had transferred to him, during her lifetime, the right in controversy, and prayed that the defendant. Price Wilkerson, be required to pay the proceeds of the sale of the cotton into court for the use and benefit of the interpleader.
The issues in cause No. 4820 were tried to a jury which, on April 20, 1932, rendered a verdict for the interpleader. Fletcher T. Wilkerson and against Price Wilkerson in the sum of $650. Judgment in the latter sum duly was rendered upon the verdict and execution was issued upon the judgment and was levied, whereupon Price Wilkerson filed his motion to recall the execution, alleging as ground of the motion that he had been adjudicated a bankrupt, and that thereafter, on May 5 1933, he had received his discharge in bankruptcy. This motion to recall execution was filed in cause No. 4820 on October 3, 1933. On the following day Price Wilkerson commenced an action in replevin, being cause No. 5786, against the sheriff of Jackson county his deputy, and Fletcher T. Wilkerson the judgment creditor, for the detention of the property levied upon. In case No. 5786, Fletcher T. Wilkerson filed an answer reciting that he had been substituted by order of the court as defendant in the place of the sheriff of Jackson county, and denying the allegations of the petition in replevin. The petition in the replevin action is not included in the case-made, but the answer therein filed by Fletchmer T. Wilkerson alleges that the discharge in bankruptcy pleaded by Price Wilkerson did not discharge the judgment upon which the execution was issued, "for the reason that said debt and judgment arose and was based upon a fiduciary relation and was created in a fiduciary capacity, in that while a fiduciary relation of landlord and tenant existed between the said Price Wilkerson and Elizabeth Wilkerson, the said Price Wilkerson, as the tenant of Elizabeth Wilkerson, received certain cotton, and while holding the same as the tenant of said Elizabeth Wilkerson sold the same and wrongfully, willfully, and fraudulently embezzled the proceeds thereof and converted the same to his own use and benefit, and that the said debt and judgment herein represents the said property aforesaid, so wrongfully converted by the plaintiff."
The motion to recall execution in cause No. 4820, and the replevin action, cause No. 5786 were consolidated and tried to the court. Upon the trial the evidence was without material conflict, and disclosed, in substance, what above has been recited.
The trial court found that the money judgment in cause No. 4820 in favor of Fletcher T. Wilkerson and against Price Wilkerson was released by the adjudication and discharge in bankruptcy of the latter, and that the execution in cause No. 4820 should be recalled, and rendered judgment, which was entered in each of the consolidated causes, recalling the execution and discharging the levy thereunder. The sheriff and Fletcher Y. Wilkerson filed motion for a new trial, which the court overruled. Thereupon they appealed to this court, assigning as error that the judgment of the trial court is contrary to the evidence and is contrary to law, basing this assertion upon the contention that the debt represented by the money judgment in cause No. 4820 below is a liability of the defendant in error, first for a willful and malicious injury to the property of another, and second, created by the fraud embezzlement, misappropriation, or defalcation of the judgment debtor while he was acting in a fiduciary capacity, and that under the second subsection of section 17 of the Bankruptcy Act the debt was not released by the discharge in bankruptcy. That section provides:
"A discharge in bankruptcy shall release *Page 595 
a bankrupt from all of his provable debts, except such as * * * (second) are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another; * * * or (fourth) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity. * * *" 11 USCA, sec. 35.
The sole issue presented by this appeal, therefore is, Did the discharge in bankruptcy of the defendant in error release the liability? In the light of the facts disclosed by the record as having been established without dispute, the law dictates a negative answer.
At the outset we must advert to the relationship of the landlord and the tenant respecting the cotton which was grown upon the land. Here no difficulty is presented. The rental was to be a proportion of the crop. In this situation the statute established the respective rights of the landlord and the tenant in the crop:
"When any such rent is payable in a share or certain proportion of the crop, the lessor shall be deemed the owner of such share or proportion, and may, if the tenant refuse to deliver him such share or proportion, enter upon the land and take possession of the same, or obtain possession thereof by action of replevin." S. L. 1901, ch. 17, sec. 25; C. O. S. 1921, sec. 7364; O. S. 1931, sec. 10920.
The landlord, therefore, was the owner of one-fourth of the cotton when the defendant in error obtained from the factor, as advances upon it, and appropriated, the $2,900. This money was borrowed by the defendant in error on all the cotton, including that proportion or share of which the landlord was the owner and to which the law gave her not only the title but the legally enforceable right of exclusive possession. Even in the absence of statute, trover lies in favor of one tenant in common of personalty against another tenant in common thereof who takes all the common property and deprives his cotenants of its use and benefit. 62 C. J. p. 528.
If the defendant in error exercised over the landlord's share of the cotton a dominion in exclusion of her right thereto as owner, his act was a conversion of her property. It is clear that the borrowing by him upon the security of all the cotton, of the advances of money which he received and entirely appropriated, constituted the exercise by him of such exclusive dominion. Mead v. Mead (Mnn.) 132 N.W. 1132; Templeton v. Rockler (Ore.) 144 P. 405.
That the acts of the defendant in error in borrowing upon the security of all the cotton and in appropriating the proceeds of such advances to his exclusive use were deliberate and intentional is not disputed.
The intentional conversion of the personal property of another is "a willful and malicious injury thereto," within the definition of the second subsection of section 17 of the Bankruptcy Act, quoted above, and the liability for such a conversion is not released by the discharge of the debtor in bankruptcy. McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205; affirming 210 N.Y. 175, 104 N.E. 135; Baker v. Bryant Fertilizer Co. (4th Cir.) 271 F. 473; Smith v. Ladrie (Vt.) 129 A. 302.
"An injury to person or property is a malicious injury within this provision, if it was intentional, wrongful, and without just cause or excuse even in the absence of hatred, spite or ill will. The word 'willful' as here used, means nothing more than intentional, while the malice here intended is nothing more than that disregard of duty which is involved in the intentional doing of a willful act to the injury of another." Shahbaz v. Henn (Ga. App.) 173 S.E. 249, quoting 1 Collier on Brankruptcy (13th Ed.) 619-620.
Such earlier expressions or deliverances of the courts upon the interpretation of the phrase here under consideration as are inconsistent with the construction adopted by the Supreme Court of the United States in McIntyre v. Kavanaugh, supra, and which construction is controlling here, yield to that authority, which is the leading case, and furnishes the existing rule of decision upon the point. The history of the development is touched upon in that case itself and is also discussed in the following cases: In re Keeler (D.C. N.D. N.Y.) 243 F. 770; In re Stenger (D.C. E. D. Mich.) 283 F. 419; Covington v. Rosenbusch (Ga.) 97 S.E. 78.
For the reasons given, the judgment appealed from is contrary to the evidence and is contrary to law. The foregoing considerations are decisive of this appeal, and render it unnecessary to discuss or to determine the second contention of plaintiffs in error enumerated above.
The judgment appealed from is reversed and the cause is remanded, with directions to the trial court to enter an order in case No. 4820 below denying the motion of defendant therein, Price Wilkerson, to recall the execution, and to enter judgment in cause No. 5786 below in favor of the defendants therein, and thereafter to proceed in accordance with the views herein expressed. *Page 596 
The Supreme Court acknowledges the aid of Attorneys Phil W. Davis, James W. Cosgrove, and E.M. Calkin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Davis and approved by Mr. Cosgrove and Mr. Calkin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.
McNEILL, C. J. and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.