262 P.2d 247

**PACIFIC FINANCE CORP. OF CALIFORNIA v. MORROW.**

No. 5610.

Supreme Court of Arizona.

Oct. 19, 1953.

208

McQuatters & Stevenson, of Flagstaff, for appellant.

Mangum & Flick, of Flagstaff, for appellee.

UDALL, Justice.

Plaintiff-appellant, Pacific Finance Corporation of California, on June 2, 1949 brought an action in replevin against defendant-appellee S. O. Morrow, to recover possession of an automobile, title to which was retained by it under conditional sales contract. For convenience, the parties will be referred to as plaintiff and defendant.

Two days later, pursuant to the writ of replevin plaintiff obtained possession of said automobile (minus the motor), and on January 20, 1950, it conducted a sale thereof

at which defendant's high bid of $150 was accepted. The car, still lacking the motor, was re-delivered to defendant. On February 20, 1950, plaintiff's complaint was amended to a tort action for conversion of the automobile and damages in the sum of $1,424.90 were sought. No objection to this singular procedure was made, and upon the amended complaint the action was tried to a jury which returned a verdict for plaintiff in the sum of $6.25. No judgment has as yet been entered.

Pursuant to sections 21–1015 and 21–1301 et seq., A.C.A. 1939, plaintiff moved to set aside the verdict and enter judgment for it in accordance with the previous motion for directed verdict, or in the alternative for a new trial. It is from the order denying these motions that plaintiff appeals.

■ Where an order denying motion for directed verdict is made before judgment, no appeal lies to this court from such order, as our general statute on appeals, 21–1702, A.C.A. 1939, contains no provisions authorizing such appeal. However, appeal does lie to this court from an order granting or refusing a new trial, 21–1702 (2), A.C.A. 1939. Plaintiff's motion for new trial was made at the time provided by Rule 59 (b), Rules of Civil Procedure, 21–1305, A.C.A. 1939, and was properly before the court for ruling. The order denying this motion forms a sufficient basis for appeal.

Construing the evidence in the light most favorable to sustaining the verdict and the action of the trial court, we find the facts to be these: Vollrath and Coleman were dealers in used automobiles in the city of Phoenix, and on November 20, 1948 they sold the automobile in question to Owen Reynolds by conditional sales contract. Reynolds paid $263.57 cash, traded in another auto, and agreed to pay a balance of $900 plus insurance and carrying charges in fifteen monthly payments beginning December 18, 1948. This conditional sales contract was immediately assigned to plaintiff by Vollrath and Coleman, and these documents were duly filed with the Motor Vehicle Division.

Reynolds drove the car to Flagstaff, and on the journey he learned for the first time that the engine thereof was not mechanically sound. During the first week in December, 1948, the car was taken to defendant's garage for repairs. After examination disclosed the motor had a cracked block and other defects and was mechanically useless, Reynolds gave written authorization to defendant to install a new motor and put the car in good shape. He promised to pay cash for the repair bill that was estimated at $375. Plaintiff was not consulted, and did not sanction making these major repairs.

During the next week defendant took the old motor out and installed a rebuilt motor or "short block". Defendant discarded the old motor block as useless scrap iron, and it was hauled away by a junk dealer.

Reynolds could not make the promised cash payment for the repairs, and defendant insisted on keeping the car until such payment was made. The buyer defaulted on all payments to plaintiff, and his debt now totals $1,274.90.

During the early part of 1949 plaintiff and defendant negotiated concerning a practical settlement or compromise of their interests in the vehicle. Defendant never affirmatively offered to redeliver the car to plaintiff, but on the other hand, never refused to relinquish possession.

Sometime prior to the filing of the replevin action, defendant's employees took the rebuilt motor out of the auto for the avowed purpose of repairing faulty gaskets. The replevin action, filed June 2, 1949, was plaintiff's first unequivocal demand to retake the car. The buyer, Owen L. Reynolds, was made a party to the suit and served with process, but he made no formal appearance in the case; at trial it was conceded that Reynolds was in the service, hence under the Soldiers and Sailors Civil Relief Act, 50 U.S.C.A. Appendix, § 501 et seq., and the action as to him was continued and he is not party to the appeal.

The case was tried upon the conversion theory, defendant's position being that conversion of a useless and valueless motor did not amount to conversion of the whole automobile. That this is a tenable theory, see Herring v. Blue Mound Mining Co., 124 Kan. 171, 257 P. 955, and N. Y. Central R. Co. v. Buckley Rubber Co., 99 Ind.App. 191, 187 N.E. 353.

The first error assigned is the admission of evidence as to the condition of the old motor, for the reason that its condition is not per se an element of damage and does not measure the loss sustained by plaintiff. We believe it unwarranted to contend the mechanical condition of the motor has no bearing upon the value of an automobile, and refuse to labor the point. Furthermore, the condition of the motor is per se an element of damages, in fact the only element of damages, if defendant's theory of the case is established by the proof. Plaintiff's argument on this point clearly sums up the matter:

"It (the evidence) served but one purpose, namely, the jury was lead to believe that only a part of the automobile was converted and that that part had no value."

The next assignment of error is:

"The Court erred in refusing plaintiff's motion for a directed verdict, for the following reasons:

"(a) The uncontradicted evidence shows a conversion by defendant S. O. Morrow; and

"(b) The uncontradicted evidence shows plaintiff to have been damaged in the sum of $1,274.90."

As to part (a), supra, the record discloses that before filing the replevin action plaintiff had not elected unequivocally to retake the property, and had only

a security interest therein. Assuming, but not deciding, that such an interest will support recovery on a conversion theory as well as action on the case, still as to the automobile itself there were no acts done by defendant repairman inconsistent with or in denial of the rights of plaintiff. It would be unrealistic to rule a man repairs a chattel at peril of liability for the value thereof upon subsequent default of the conditional vendee.

Defendant's acts after default of the vendee but before demand for repossession was made, were not inconsistent with or in denial of, the security interest of plaintiff. Installation of the motor was made upon express agreement it should be paid for immediately, and possession was retained by defendant for the very purpose of preventing any property rights therein from vesting in the vendee or conditional vendor. We think in these singular circumstances the doctrine of accession does not apply to give the conditional vendor greater rights in the motor than those of the repairman. For further discussion, see Atlas Ins. Co. v. Gibbs, 121 Conn. 188, 183 A. 690.

The tortious conduct shown by the evidence was defendant's selling the old motor block as junk. Such sale interfered with plaintiff's rights to retake it and apply it to the satisfaction of Reynolds' obligations. The jury quite properly awarded damages for this.

As to part (b), supra, we hold that while this sum may be the amount the defaulting vendee owes on his contract, still defendant's tort liability follows lines of causal relation. If the security is worth less than the debt, one who damages the security cannot be charged with the whole amount owing because of the debtor's default.

Finally, plaintiff contends that the trial court erred in its instructions to the jury. It asserts that defendant's requested instruction number 2, which sets forth the law measuring plaintiff's damages if the jury finds that defendant converted only the old motor, conflicts with and is contradictory to plaintiff's instruction number 11, which states the rule to be followed in measuring plaintiff's damages if the jury finds that defendant converted the entire automobile to his own use. We deem it unnecessary to set forth the two instructions haec verba, but they have been carefully examined and in our opinion are not conflicting or contradictory, hence there is no merit to the contention that the jury were permitted to determine the rule of law applicable. As we pointed out in the case of City of Phoenix v. Harlan, 75 Ariz. 290, 297, 255 P.2d 609, each side is entitled to appropriate instructions defining its rights.

Judgment affirmed.

STANFORD, C. J., and PHELPS, LA PRADE, and WINDES, JJ., concurring.