483 P.2d 798

**The CITY OF TUCSON, a body politic, Appellant,**

v.

**William D. GALLAGHER and Eleanor Gallagher, husband and wife, and as parents and next friend of Janice Gallagher, Appellees.**

**2 CA–CIV 899.**

Court of Appeals of Arizona, Division 2.

April 15, 1971.

As Modified on Denial of Rehearing May 28, 1971.

Review Granted June 22, 1971.

Chandler, Tullar, Udall & Richmond, by Jack Redhair, Tucson, for appellant.

Lesher & Scruggs, by James M. Sakrison, Tucson, for appellees.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by John H. Westover, Phoenix, amicus curiae.

HATHAWAY, Judge.

Janice Gallagher, a minor, was injured in an automobile accident while riding as a passenger in an automobile driven by John McMahon. The accident occurred during the early morning of February 24, 1968.

She filed suit, by her parents, against McMahon and the appellant, City of Tucson, alleging that McMahon and the appellant negligently caused her injuries. The matter was tried to a jury and judgment in the amount of $33,000 was entered on April 2, 1970, in favor of the appellees and against McMahon and the appellant. Appeal is taken from the judgment and order denying a new trial.

On the morning in question McMahon, while accompanied by the plaintiff, drove his vehicle south on Avenida Del Sol, a paved street, and turned east and drove on the dirt right of way of Golf Links Road a distance of 664 feet where he entered a ditch which ran north and south across the road. The plaintiff was thrown through the windshield. The south 22 feet of Golf Links Road was paved. The north 97 feet of the right of way was dirt and the desert growth had been graded away. This was the portion driven by McMahon.

Prior to trial appellees entered into an option agreement with McMahon which provided, as recited in appellant's opening brief:

"1. That McMahon would pay $10,000 if the case was settled prior to trial;

2. That McMahon would pay $10,000 if a jury verdict was rendered against the appellee;

3. That McMahon would pay $10,000 if a jury verdict was rendered only against McMahon, regardless of the amount of the judgment, be it $1.00 or $100,000;

4. That if a jury verdict in excess of $10,000 was rendered against McMahon and the appellant, the appellee would satisfy the entire judgment from the appellant;

5. That if a jury verdict was rendered against the appellant for any amount less than $10,000, the appellee would satisfy the judgment against the appellant and McMahon would pay appellee the difference between the judgment and $10,000."

■ Appellant complains it was denied a fair trial as a result of this option agreement between codefendant McMahon and appellee. According to appellant this agreement is unethical and motivated McMahon to work for a verdict in favor of appellee. Specifically, complaint is made that McMahon's attorney asked only one question of appellee and did not cross-examine appellee or her doctors about appellee's damages and injuries and that appellee's testimony was directed only towards appellant. However, it was not incumbent on appellee to try her case equally against each defendant. Ulan v. Richtars, 8 Ariz. App. 351, 446 P.2d 255 (1968).

In considering this question we will not attempt to decide whether the agreement was ethically proper. That is best left to the State Bar Association. The brief of amicus curiae, supporting appellant's position, cites the California case of Pellet v. Sonotone Corp., 26 Cal.2d 705, 160 P.2d 783 (1945) in which the court had a similar agreement before it. In that case the court stated:

"While the trial court did not find, and we cannot hold as a matter of law, that there was any fraud or collusion in this case, such an agreement might lead to a fraud upon the court by concealing the position of a party who is an important witness in the action. In the present case, however, *the court and the other parties were fully informed of the nature and contents of the agreement prior to the second trial,* and the court or jury could weigh the testimony of defendant Compton in the light of the knowledge that, since the agreement provided that a judgment could not be enforced against him, he was not a witness who was adverse to the plaintiff." P. 788 (Emphasis supplied)

■ In the case *sub judice* all parties to the action and the judge knew of this agreement before the trial. McMahon, the defendant with whom the agreement was made, took the stand as a witness. It was to his advantage to testify to facts that would show negligence by the city. For if the city had been found free of negligence, McMahon was required to pay plaintiff $10,000. If the city were found negligent, McMahon was to pay only the difference between the judgment and $10,000 or if the judgment was $10,000 or more, nothing. Counsel for City of Tucson cross-examined McMahon and had ample opportunity to bring to light the agreement and any correlative bias or prejudice associated with it. Appellant's failure to avail itself of this opportunity furnishes no basis for complaint.

Appellant also questions the failure to give certain requested instructions. Based upon the appellees' contention that McMahon reasonably mistook the unpaved desert right of way of Golf Links Road as a road and the ditch for a dip in the road, appellant offered its instruction number 1 concerning the duty to drive on the right side of a road, A.R.S. § 28–721, and the distance light must project ahead to reveal given objects, A.R.S. § 28–941 and § 28–922. Objection was made that the instructions were inapplicable because McMahon was not traveling on a road. Appellant contends that had the instructions been given the jury could have properly found that the proximate cause of the accident was the failure of McMahon to drive on the right side, being the paved portion of the road, or in failing to observe the ditch which should have been revealed with proper light and driver observation.

■ Instructions which are requested and go to the gist of the action *and* are justified by the evidence must be given. Casey v. Marshall, 64 Ariz. 232, 168 P.2d 240 (1946); Pacific Finance Corp. of California v. Morrow, 76 Ariz. 207, 262 P.2d

247 (1953); So. Pacific Railroad Co. v. Mitchell, 80 Ariz. 50, 292 P.2d 827 (1956). We find no evidence that McMahon was not driving on the right side of what he thought was the road. The ditch traversed the breadth of the supposed roadway. Observation of the right side driving rule would not have avoided the accident, nor, indeed, is that rule normally calculated to cope with hazards of that type. We find no evidence that McMahon's headlights were not operating properly. The court correctly denied the requested instructions.

Finally appellant asserts error was committed in not allowing it to introduce evidence through testimony that a search of city records failed to produce any evidence of a prior similar accident in the same location, contending that such testimony would have tended to show that lack of prior accidents indicated no negligence in maintaining the area. This question is clearly controlled by Fox Tucson Theatres Corp. v. Lindsay, 47 Ariz. 388, 56 P.2d 183 (1936) which did not allow admission of evidence that no other accidents had occurred at the place for this purpose.

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.