494 P.2d 383

**CITY OF GLENDALE, a political subdivision of the State of Arizona, Appellant and Cross-Appellee,**

v.

**Glen BRADSHAW, by and through Corena Bradshaw, Guardian of the Person and of the Estate of Glen Bradshaw, an Incompetent, and Corena Bradshaw, his wife, Appellees and Cross-Appellants.**

No. 1 CA–CIV 1503.

Court of Appeals of Arizona,
Division 1,
Department A.
March 6, 1972.
Review Granted April 25, 1972.

Jack M. Anderson and John S. Schaper, Phoenix, for appellant and cross-appellee, City of Glendale.

Divelbiss & Gage by G. David Gage, Phoenix, for appellees and cross-appellants.

J. LaMar Shelley, Mesa, Snell & Wilmer by Mark Wilmer, Phoenix, for amicus curiae, League of Arizona Cities and Towns.

STEVENS, Presiding Judge.

We filed our opinion in this matter on 1 February 1972. See 16 Ariz.App. 348, 493 P.2d 515. Thereafter the appellees filed a timely motion for rehearing in relation to the issue of the compensability of loss of consortium. The appellant also filed a timely motion for rehearing which was directed to all the issues including that portion of our opinion following the subheading "the Fandrey-Bradshaw covenant." Issue was joined on the appellant's motion for rehearing.

In the interim period the Arizona Supreme Court filed its opinion on the review of City of Tucson v. Gallagher, 14 Ariz. App. 385, 483 P.2d 798 (1971). See City of Tucson v. Gallagher, 108 Ariz. 140, 493 P.2d 1197 (17 February 1972).

City of Tucson case, while not on all fours with the facts in the case this Court is now considering, has many similar features. The opinions in City of Tucson case do not set forth the full terms settlement agreement, as we did, the Supreme Court pointing out that only the substance of the agreement was contained in the record on appeal. The essence of the two agreements appears to be very similar and the Supreme Court upheld the agreement.

We quote from the Supreme Court's opinion.

"It is contended that the contract constitutes a breach of ethics. This appeal is not concerned with the ethics of counsel. Even if it were, there is no showing that the agreement was unethical. See Damron v. Sledge, 105 Ariz. 151, 460 P.2d 997. No collusion or perjury is alleged or proved in the instant case."

We find in the case now under consideration that there is an absence of showing of unethical conduct as well as an absence of collusion or perjury.

On rereading our opinion we believe that some may consider that the opinion questions the ethics of counsel for the parties to the agreement. We hereby expressly disavow any implication that we were or are critical of the ethics of any of the counsel in the trial of the case now before us. In our 1 February 1972 opinion in discussing the agreement we stated, in part, " * * * nor do we express our approval of this type of agreement. Notwithstanding the above * * *." We now retract the above-quoted statement.

We have reviewed our opinion in the light of the motions for rehearing and both of the motions for rehearing are herewith denied.

CASE and DONOFRIO, JJ., concur.