THOMAS B. SMITH V. IDA K. SMITH.

No. 15,017    (89 Pac. 896.)

1. JUDGMENTS—*Petition to Modify—Waiver of Defects.* Where a petition to have a judgment modified did not offer to place defendant in *statu quo*, it was said the defendant waived his rights in this respect by answering to the merits and going to trial upon all the issues tendered.

2. ———— *Statutory Order of Procedure—Waiver.* The objection that the statutory order of procedure was not observed having been delayed until the motion for a new trial, it was said to have been raised too late.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed April 6, 1907. Affirmed.

*T. A. Moxcey,* for plaintiff in error.

*C. D. Walker,* and *J. L. Berry,* for defendant in error.

*Per Curiam:* If the plaintiff's amended petition were defective, in that it contained no offer to return, the defendant should have attacked it upon that ground. Instead of this he waived the right to be placed in *statu quo,* answered to the merits, and went to trial upon all the issues tendered. It still remained in the power of the court to require the plaintiff to do equity as a condition to granting her relief, but upon rendering judgment it saw fit to give the plaintiff all she had already obtained. This being true, no right of the defendant has been prejudicially affected, conceding this to be a case in which the rule invoked by the defendant applies—a point not decided.

The record shows the defendant voluntarily went to trial upon all issues tendered by the amended petition. It did not occur to him that the grounds for modifying a judgment may be tried first, and independently of the main cause of action, until after he had tried them together and had been defeated. The objection that the statutory order of procedure was not observed hav-

ing been delayed until the motion for a new trial, it came too late.

There are special findings made by the court which state that certain allegations of the plaintiff's petition are not sustained by the evidence, but there are abundant allegations of fraud in the plaintiff's petition not negatived by the special findings which are found to be true by the general finding. Therefore a judgment for the defendant is impossible if the law is to be observed.

Some statements of fact are made in the brief which cannot be tested without the evidence, and the evidence is not in the record.

The judgment of the district court is affirmed.