No. 32,088

THE SOUTHERN KANSAS STAGE LINES COMPANY, *Appellee,* v. EVERETT WEBB and J. A. STANTON, *Appellants.*

(41 P. 2d 1025)

Opinion filed March 9, 1935.

*Walter B. Patterson* and *Douglas Hudson,* both of Fort Scott, for the appellants.

*J. W. Blood* and *F. W. Prosser,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This action was filed in the district court to enjoin the collection of a judgment rendered in a justice of the peace court. The parties defendant were the justice of the peace and the plaintiff in the action in the justice court in whose favor the judgment had been rendered. After a hearing on the merits the trial court enjoined the judgment in part only and directed further proceedings in the justice of the peace court. The defendants have appealed. Appellants here contend the trial court erred in setting aside any part of the judgment of the justice court, while appellee complains that the court did not set all of it aside.

The facts shown by the record may be stated as follows: On August 24, 1932, Everett Webb filed an action in the justice court of J. A. Stanton at Fort Scott against the Southern Kansas Stage Lines Company upon an account for wages due for services rendered defendant and an item of merchandise, amounting in all to $54.46. He alleged that defendant was not operating a steam surface railway, nor engaged in the production of farm and dairy products, as defined in R. S. 44-301, but is a corporation doing business in the state operating buses and trucks for hire; that he was an employee of defendant and discharged on June 29, 1932; that, as provided by R. S. 44-303, his wages were due and payable the day he was discharged; that he had made written demand on defendant by letter of July 1, which was received by defendant July 2, 1932; that defendant had neglected and refused to pay plaintiff within twenty-four hours, as provided by the statute last referred to, and that under it plaintiff is entitled to his daily salary of $3.71 for each day since July 2, 1932, to the time when he is paid the wages mentioned in his account. The prayer was for $54.46 and the additional sum of $3.71 per day since July 2, 1932, until payment should be made.

In that action the Southern Kansas Stage Lines Company filed an answer which contained a general denial and a specific denial that it was indebted to plaintiff under any statutory penalty, but admitted owing plaintiff wages in the sum of $4.46, which it tendered into court.

This action came on for trial in justice court on September 12, 1932, at which time it appears most of the day was spent in a wrangling trial, the defendant contending certain collections made by plaintiff for it had not been accounted for as the reason for the

delayed payment. At some time during the day defendant called plaintiff's counsel's attention to the fact that R. S. 44-301 and 44-303 had been specifically repealed by chapter 215 of the Laws of 1931. Plaintiff then asked the court for permission to amend his bill of particulars, and the request was granted; but plaintiff's counsel at that time had in mind no definite amendment he desired or expected to make. The trial was completed on that day without any amended bill of particulars being filed, or any statement of what it would contain if plaintiff should file one later. The justice of the peace took the cause under advisement and announced that he would render a decision within three days, as provided by statute (R. S. 61-903), and counsel for defendant returned to his home in Wichita. On September 14 plaintiff filed an amended bill of particulars in which the original one was made a part, and he alleged defendant employed him to perform labor, for which labor performed defendant was indebted to him in the sum of $52.51, and had failed and neglected to pay plaintiff within ten days from the termination of his services; that defendant is a corporation employing labor in this state, as defined in R. S. 44-307, and in violation of that section has failed, neglected and refused to pay plaintiff his wages within ten days of the date of his discharge, June 29, 1932; that under R. S. 44-308 he was entitled to receive wages from the date of his discharge at the same rate, $3.71 per day, until he was paid; that he had begun an action for his wages on August 24, 1932, which was within sixty days after his discharge, and that there was due and owing plaintiff from defendant the sum of $52.51 and an additional sum of $3.71 from June 29 and each day since then until the defendant shall make full payment. The prayer was for $300 and costs, but there was no specific waiver of any sum in excess of that due plaintiff by his computation. A copy of this amended bill of particulars was sent to defendant's attorney and received by him on September 15. He then called the justice of the peace by telephone and learned that judgment was rendered on that day in favor of plaintiff for $300. Thereafter defendant attempted to appeal to the district court, but for some reason his appeal was dismissed and that procedure abandoned.

Thereafter the defendant in the action before the justice of the peace brought this action. The trial court held plaintiff had not had its day in court on a claim for penalties under the amended bill of particulars filed in justice court, and held to be void all the judgment

rendered in justice court in excess of $52.51 and costs, and enjoined the collection of the void portion of the judgment, but decreed that the plaintiff in the justice court should be allowed to amend his original bill of particulars, and the defendant in that court should have time to plead to it, and that the question should be tried out in the justice court whether or not the plaintiff in that court was entitled to recover from the defendant there any penalties, as fixed by law, on account of failure to pay wages due the plaintiff.

We will take up the legal questions of this somewhat scrambled lawsuit, and first of those in the justice court. Plaintiff's claim for penalties in the original bill of particulars was predicated on the statute which not only had been repealed by the legislature (Laws 1931, ch. 215), but which previously had been held to be invalid. (*Livingston v. Oil Co.*, 113 Kan. 702, 216 Pac. 296.) Hence, he made no claim for penalties which it was possible for the court to allow, and was the same in legal effect as though no claim for penalties had been attempted. One suing for wages need not claim penalties even though the circumstances would justify him in doing so. Indeed, he may settle without suit and waive them. (*Howell v. Machine Co.*, 86 Kan. 537, 121 Pac. 366.) The result is, at the time of the trial the justice had no issue respecting penalties before him unless it was to deny recovery of penalties claimed under a supposed statute which did not exist. "The evidence on the trial shall be confined to the items set forth in said bill." (R. S. 61-601.) There was no item for penalties in the bill. The trial was completed September 12 on the bill of particulars then before the court, and the case was taken under advisement. Two days later plaintiff filed an amended bill of particulars claiming penalties under other statutes. Whether plaintiff would have been entitled to such penalties we need not now consider, for there never has been a trial on that issue. No one seriously contends there had been such a trial. By the time the defendant learned the amended bill of particulars had been filed, judgment had been rendered. The rendering of judgment on this amended bill of particulars, without notice to the defendant of the additional claim made therein, was unauthorized and void, not only under our statute, but under fundamental rules of due process of law. There is an additional reason why the justice could not entertain the amended bill of particulars, or render judgment thereon, in that it set forth a claim of a sum due in excess of the jurisdiction of the court. The $52.51 claimed as wages due, plus $3.71 for each day after June 29 to Sep-

tember 14, the day the amended petition was filed, presents a claim of more than $300. (R. S. 61-102.) It is true the prayer of plaintiff's amended bill of particulars was for but $300, but there was no waiver of the excess claimed to be due, and issues are determined by the allegations of the bill of particulars rather than by the prayer. (*Webster v. Broeker,* 97 Kan. 219, 155 Pac. 15.) The result is, the justice of the peace had no jurisdiction at all of the case presented by the amended bill of particulars. (*Ball v. Biggam,* 43 Kan. 327, 23 Pac. 565.) At the time the justice rendered his decision he had before him the claim of the plaintiff on his account for $54.46· and had it within his power to render judgment for that amount and for costs. That is all he had before him.

Turning now to the matters in district court. That court was justified in holding to be void the judgment rendered by the justice court upon the amended bill of particulars for penalties and in limiting that judgment to $52.51 (the item originally claimed for merchandise appears to have been lost somewhere) and costs, for it is the rule that a judgment of a court entirely outside of issues before it is unauthorized and void, and particularly should that be held to be true when the adverse party had no notice or opportunity to be heard. (*Gille v. Emmons,* 58 Kan. 118, 48 Pac. 569; *New v. Smith,* 86 Kan. 1, 8, 119 Pac. 380; *Insurance Co. v. Carra,* 101 Kan. 352, 354, 166 Pac. 233; *Skaer v. Capsey,* 127 Kan. 383, 385, 273 Pac. 464.)

The remainder of the judgment of the district court directing new pleadings to be filed in the justice court and a hearing on the matter of penalties appear equally to be outside the issues before the district court. That court was called upon to determine the validity of the judgment of the justice court—nothing more.

The result is, the judgment of the district court appealed from is affirmed in so far as it held the judgment of the justice court to be void in excess of $52.51 and costs, and is reversed in so far as it undertook to direct further proceedings in the justice court.