No. 37,239

MARY ELLEN LIGGETT, *Appellant*, v. THOMAS J. LIGGETT, *Appellee*.

(195 P. 2d 577)

Opinion filed July 10, 1948.

*Richard B. Clausing,* of Wichita, argued the cause, and *Payne H. Ratner, Donald C. Allen, Charles F. McClintock* and *Louise Mattox,* all of Wichita, were with him on the briefs for the appellant.

*Robert M. Bond,* of El Dorado, argued the cause, and *L. J. Bond,* of El Dorado, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from an order and judgment denying a motion to vacate and set aside an order for the custody of minor children.

In August, 1944, Mary Ellen Liggett, then represented by her attorney, McGinnis, commenced an action against her husband for a divorce and for custody of their five minor sons aged respectively, 13, 11, 9, 7, and 3 years, and on October 21, 1944, she was awarded a divorce and the custody of the children during the nine school months of the year. Custody during the summer months was given to the father, who was ordered to pay $75 per month as child support when the children were in custody of the mother.

The record does not disclose just how the parties came before the court but on May 31, 1947, plaintiff was present in person and by her attorney Benson made an oral application of general effect that she have the custody of the children during the summer months. Defendant was present in person and was represented by counsel. No formal hearing was had at which witnesses were sworn and testified but the matter was talked over between counsel and the court, and thereafter the court talked with the children. On June 5, 1947, the parties appeared before the court which then made its order

giving custody of three of the children to the defendant and the custody of the other two to the plaintiff, the defendant being ordered to pay plaintiff $30 per month for the support of the children of whom she had custody. In its order the court further found that all of the children should be brought before it about September 1, 1947, in order that it might then be determined whether custody should be changed, and that its order concerning custody was subject to change at any time.

Nothing further was done until July 3, 1947, when the plaintiff, appearing by her attorney Phares, filed her application asking the court to modify its order of June 5, 1947, as the same was made without full and complete representation as to the facts, and she alleged that defendant was not a fit and proper person to have custody of the three children awarded him, and that custody should be awarded her and the defendant should be ordered to pay her $45 per month for their support and that a reasonable fee should be allowed her attorney. On August 30, 1947, the motion was presented and was overruled except that defendant was ordered to pay her $35 per month for support of the children in her custody and to pay her attorney a fee of $50. It appears that the attorney's fee was paid and that after August, 1947, defendant paid into court $35 monthly and that payment of those amounts was made to plaintiff.

No appeal was attempted by either party from either of the foregoing orders and judgments.

On December 6, 1947, plaintiff, by her present attorneys, filed her motion to vacate and hold for naught the order and judgment of June 5, 1947, for four asserted reasons: (1) No evidence was presented when the order was made and for that reason it is void. (2) That by the order plaintiff was wrongfully deprived of the custody of the three children. (3) That the fitness of the plaintiff to have custody was determined by the court at the original trial, and that no evidence was presented in proceedings culminating in the order of June 5, 1947, showing that custody should be changed. (4) That the recital in the journal entry of June 5, 1947, that evidence was received was incorrect and the records of the court should be corrected to recite the facts.

At a hearing had on January 9, 1948, statements were made and evidence taken, showing matters as above outlined. At the conclusion of the hearing the court denied plaintiff's motion to vacate

and set aside the order of June 5, 1947, and in due time plaintiff perfected her appeal from the order and judgment of January 9, 1948.

Preliminary to a discussion of her contentions we note appellant's statement that a large sphere of action and judicial discretion is granted to the district court in the matter of child custody but she says that nevertheless fundamental processes of judicial procedure should be followed whether the court is considering custody of a child or an action such as foreclosure of a mortgage.

In her brief appellant says that the questions involved are whether an order of the district court changing custody of children from one to whom they were awarded is a valid order in the absence of evidence, and in the absence of a motion, either oral or written asking such change; or is such an order void or voidable when attacked by motion filed within the statutory period of three years. Appellee's challenge of appellant's right to prosecute her appeal will be noticed later.

The gist of appellant's argument is that there was no evidence introduced to support the judgment of June 5, 1947, and that there was no pleading or motion made by the appellee upon which a valid judgment could be rendered, and therefore whether void or merely voidable, it was such a judgment that she could within the three-year period prescribed under G. S. 1935, 60-3007 and 60-3008, move to have it vacated. She cites *White v. White,* 160 Kan. 32, 159 P. 2d 461, as approving her contention as to procedure. We pause here to note that if the judgment were void it could be set aside at any time on motion of the party affected (G. S. 1935, 60-3009).

In support of her argument that the judgment was irregular because no evidence was introduced and therefore subject to direct attack at a later term, she directs our attention to *Ames v. Brinsden,* 25 Kan. 746. That was an action for breach of promise. The defendant was in default and the court rendered judgment for the amount claimed without any evidence being introduced. At a later term the defendant moved to have the judgment set aside on account of the irregularity. The motion was allowed and appeal to this court followed. Without noticing all the details, this court held the judgment should have been set aside only conditionally, giving the plaintiff an opportunity to introduce evidence and the judgment should then have been set aside, modified or affirmed in accordance with the evidence.

In support of her contention that because the appellee had filed no motion or pleading asking custody, the judgment was outside the issues, appellant directs our attention to 31 Am. Jur. 305, where it is said that there is authority for the rule that a judgment outside the issues may be vacated, and to *Gille v. Emmons,* 58 Kan. 118, 48 Pac. 569, 62 Am. St. Rep. 609, and to cases cited therein. That case was originally to foreclose a mortgage. One of the parties against whom no money judgment was asked, had filed an answer disclaiming any interest in the real estate. The journal entry included a money judgment against her. She filed her application to vacate that judgment, which was allowed. On appeal this court said:

"A judgment entirely outside the issues in the case and upon a matter not submitted to the court for its determination, is a nullity; and may be vacated and set aside at any time upon motion of the defendant." (Syl. ¶ 1.)

The rule stated has been followed in *New v. Smith,* 86 Kan. 1, 119 Pac. 380; *Brinkerhoff v. Bank,* 109 Kan. 700, 205 Pac. 779; *Herring v. Blue Mound Mining Co.,* 124 Kan. 171, 257 Pac. 955; *Skaer v. Capsey,* 127 Kan. 383, 273 Pac. 464; *Southern Kan. Stage Lines v. Webb,* 141 Kan. 476, 41 P. 2d 1025; and *Patton v. Sartin,* 149 Kan. 299, 87 P. 2d 589.

Appellant also contends that appellee failed to sustain the burden of proof necessary to warrant any change in custody, directing our attention to *White v. White,* supra, where it was held:

"Where the fitness of one parent to have custody of a minor child has been determined and by valid decree custody has been awarded to such parent, and in a subsequent action the other parent seeks to obtain custody, the burden is upon such other parent to show that custody should be so changed." (Syl. ¶ 3.)

It is noted that in the above case habeas corpus was instituted to obtain custody and that there was no proceeding in the court which granted the divorce.

Appellee challenges appellant's right to be heard for the reason she accepted the judgment of the trial court of June 5, 1947, his contention being that under the first order made in October, 1944, appellant was given custody during the nine school months only, and by the order of June 5, 1947, made on her application, she was given custody of two of the children during the entire year, and that she acquiesced in the judgment by taking such custody. Attention is also directed to the order of August 30, 1947, whereby payment to her was increased, which she accepted, and by allowance to

her attorney which was paid and accepted. In support our attention is directed to *Sisk v. Edmonston,* 163 Kan. 394, 182 P. 2d 891, and cases cited. We shall not now decide whether the rule laid down in the cited case has application to an allegedly void judgment, but shall consider the appellant's contentions further.

Our statutes pertaining to divorce provide that when a divorce is granted the court shall make provision for the custody of the minor children of the marriage, "and may modify or change any order in this respect whenever circumstances render such change proper." (G. S. 1935, 60-1510.) It needs no citation of authority that this power of the court may not be waived or set aside either by the court or by the parents, and there is no contention that the court was without power to entertain and rule on appellant's oral application on which the order of June 5, 1947, now attacked as void or voidable, was made.

We have previously noted that the record does not disclose just how appellant and her counsel and appellee and his counsel happened to be in court, but that they were there and that she sought to have the original order for custody changed is clear, both from the journal entry of judgment of June 5, 1947, and from the testimony received on the hearing on her later application to have that judgment set aside. Appellant contends that because there were no witnesses sworn there was no evidence on which to base the judgment. As applied here, that contention cannot be sustained. It is quite apparent that appellant urged a change of situation and circumstances rendering change of custody proper when she sought to have full custody awarded to her for the reason one of the boys belonged to the Boy Scouts and she wanted him to attend a camp which would be held while the father had custody if the order was not changed, and another boy had made an application to carry newspapers and his earnings would help her. The record is silent as to the other three. However, she asked for custody of all the boys during the summer months and that this was talked over by all parties and the court is clear. The court then announced it would talk with the boys and did so, and subsequently made the order of June 5, 1947. Under the circumstances, we will not say there was no support for the order.

Appellant further contends however that the order is void because the appellee made no request that the custody be changed. It seems to us an anomalous thing to say that if the custody of one

or all the boys had been awarded to her during the summer months or that if the court had merely refused her prayer, the order would have been valid, but because the court gave custody of three boys to the father and of two boys to the mother that it was void. It seems immaterial who invokes the court's power, or what he may ask, for the court has a continuing duty to protect the custody of the minors, and to modify and change its orders whenever the circumstances render a change proper. This court has recognized that a district court's order conferring custody upon one parent or the other is not a finality in the same sense as a final judgment in an ordinary lawsuit (*Janney v. Janney,* 159 Kan. 230, 154 P. 2d 131, and cases cited) and more to the point here, by its order of June 5, 1947, the court directed that the boys be brought before it about September 1, 1947, to determine whether custody should then be changed. We cannot sustain appellant's contention that the order made on June 5, 1947, was either void or voidable as being beyond the issues.

Perhaps what has been said is decisive of the appeal, but the following may also be noted. An order or decree in a divorce action awarding custody of minor children may be said to be final and *res judicata* concerning matters existing as of the date of the order or decree (*White v. White,* supra) but not only the statutory provision, but the orders made in the instant case, gave either parent the right to seek a change of custody. Appellant recognized that when she filed her application of July 3, 1947, which the court denied on August 30, 1947. She never perfected any appeal from the order and decision of June 5, 1947, or of August 30, 1947, and they became finalities. If there is need for any modification or change in the order of June 5, 1947, fixing custody, the district court is empowered by statute to make it.

The order of the district court denying the motion of appellant to set aside and hold for naught its order of June 5, 1947, is affirmed.