No. 41,782

ROBERTO BARIUAN, *Appellee*, v. NORMA BARIUAN, *Appellant.*

(352 P. 2d 29)

Opinion filed May 14, 1960.

*Norma Bariuan,* of Manilla, Republic of the Philippines, was on the briefs for the appellant, *pro se.*

*T. L. O'Hara,* of Wichita, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: The above named appellee sued the appellant-defendant in the court below for divorce, and obtained service by publication upon the defendant residing in Manila, in the Philippine Islands.

The plaintiff's petition alleged that the parties were married in Manila on March 27, 1954, and had been since that time and were now husband and wife; that defendant had been guilty of extreme cruelty and gross neglect of duty toward the plaintiff; "that one child has been born of this marriage, Roberto Bariuan, four years of age."

Although the abstract filed by the defendant in this appeal without the aid of named counsel fails to show the verification of the above petition by the plaintiff himself, it may be conclusively presumed that the petition was so verified since the code of civil procedure absolutely requires such verification (G. S. 1949, 60-1504).

Within due time, defendant filed her answer, apparently without aid of counsel, in which she admitted the marriage of the parties and the birth of their son as alleged in the plaintiff's petition; she further denied that she had ever been guilty of cruelty or neglect of duty toward plaintiff, and further that plaintiff had left the Philippines some two months after the marriage and at a time when defendant was pregnant with plaintiff's child. Defendant further alleged that she was entirely dependent upon a Class C allotment which defendant received from the American Air Force for maintenance and support of defendant and the child; that plaintiff had in fact sought money from defendant on the pretext that he was planning to bring defendant and their child to the United States; that on the contrary, plaintiff was preparing to file the within divorce suit for the purpose of stopping the Air Force allotment and denying the defendant and the child the support thereof. Defendant does not ask for a divorce, but closes the answer by alleging that she has at all times remained faithful to the plaintiff as his wife, and by noting that Philippine law does not recognize absolute divorce.

At some time unknown—the abstract states the filing date to be

unavailable—a motion by the husband was filed seeking an order instructing the wife to state the date of the birth of the child. It was urged that such date would show that the child was not the child of the plaintiff. This motion is not shown to have been brought to the attention of the trial court or to have been acted upon by the court. Good reasons for overruling the motion or striking it from the files come to mind. Nevertheless, the wife, still being without counsel, filed a response to the motion *pro se*. The response, as evidently was desired by plaintiff, may be treated as an amendment of defendant's answer. The response alleged the date of the child's birth to have been well within the period of gestation dating from the time plaintiff's departure from Manila. It was again alleged in no uncertain terms that the child was the son of the plaintiff. In addition to the above, certain exhibits were attached which were in the form of copies of letters from plaintiff to defendant. In these letters, plaintiff readily and without reservation admitted the parenthood of the child, and made other admissions against interest in relation to the present suit.

The plaintiff has never challenged the accuracy of the wife's abstract of the record in this appeal. It must be remembered that plaintiff's verified petition alleging his own parenthood of the child was still on file in the case and constituted his only pleading therein. This court has pointed out that a motion does not constitute a pleading (*Achenbach v. Baker*, 157 Kan. 292, p. 295, 139 P. 2d 407).

On May 5, 1959, notice for a hearing of the case on the petition therein was mailed to defendant wife, setting the trial for June 16, 1959. On May 21, 1959, the wife filed "an urgent motion to dismiss" alleging the wife's inability to be present at the trial, and further the inability of the court to do justice in the matter without the defendant being present to defend the case. No action by the trial court appears to have been taken upon this motion.

The trial is shown to have taken place on June 16, 1959, as provided in the above notice. The abstract contains the statement that plaintiff is unable to obtain a transcript of the testimony introduced at the trial because, in the words of the trial judge, "no record was taken since the taking of a record was waived at the time of the divorce proceeding."

From the abstract we copy the portions of the Journal Entry of the judgment shown:

"Whereupon, the plaintiff introduced his testimony which was duly corroborated according to law, and rested, and the court finds that the plaintiff should be granted the relief prayed for in his petition.

"It Is Further by the Court Considered, Ordered, and Adjudged and Decreed that the child born of the marriage, to wit: Roberto Bariuan, age 4 years, is not the child of the plaintiff herein."

At the time of oral argument of this appeal, appellee's counsel informed this court that the above Journal Entry had not been signed by the trial judge who heard the evidence, but in his absence had been signed for him by the presiding judge of the district court.

After considering the above record which has been rather completely summarized, the court feels that we should speak quite plainly. In our opinion, the above judgment is absolutely void on its face.

It is elementary that the pleadings in an action must support the judgment rendered, and a failure to do so renders the judgment a nullity and void. The decree purporting to bastardize the child born in wedlock is contrary to both the verified allegations of the plaintiff's own petition and the defendant's answer. Moreover, we direct attention to the ambiguous wording of that part of the above journal entry: "That the *child born of the marriage* . . . is not the child of the plaintiff herein." We shall not speculate as to whether this ambiguity could have been intentional.

As to the finding relative to the grounds for divorce, the grounds which were found are not stated. From other parts of the journal entry of judgment it could be reasonably inferred that either the First or Fifth grounds for divorce specified in G. S. 1949, 60-1501 had been attempted to be proved. Nowhere in plaintiff's petition are to be found any indication of such charges.

Moreover, if the pleadings as a whole be considered, as they must be, it is readily apparent that defendant wife had alleged affirmative defenses against plaintiff's cause of action for divorce which had not been denied or avoided in any manner and were therefore admitted.

As early as the case of *Gille v. Emmons,* 58 Kan. 118, 48 Pac. 569, this court said:

"A judgment entirely outside the issues in the case and upon a matter not submitted to the court for its determination, is a nullity; and may be vacated and set aside at any time upon motion of the defendant." (Syl. ¶ 1.)

Like holdings have been made in *Spaeth v. Kouns,* 95 Kan. 320, 148 Pac. 651; *Custer v. Royse,* 110 Kan. 397, Syl. § 3, 204 Pac. 995; *Southern Kan. Stage Lines v. Webb,* 141 Kan. 476, 41 P. 2d 1025;

*Old People's Home v. Miltner*, 149 Kan. 847, 89 P. 2d 874; *Penn Mutual Life Ins. Co. v. Tittel*, 153 Kan. 530, Syl. § 4, 111 P. 2d 1116; on rehearing, 153 Kan. 747, 114 P. 2d 312; *Liggett v. Liggett*, 165 Kan. 527, p. 530, 195 P. 2d 577.

Where a judgment is void, it may be set aside at any time (G. S. 1949, 60-3009).

This opinion should not be concluded without some comment upon the strong presumption of legitimacy as to a child born in lawful wedlock. In ancient times it is reported to have been the rule that even if the husband was beyond the seas, it would be presumed that in some manner he had made a flying trip to see his wife. At that time there were no airplanes. Later, the rule was modified to allow proof that the husband had had no opportunity for access to his wife during the time for conception. Even today, many jurisdictions still hold that the parents may not testify to facts which would bastardize children born in wedlock. The authorities in the various jurisdictions are collected upon the various facets of this presumption in the following annotations in 60 A. L. R. 380, 68 A. L. R. 421, 89 A. L. R. 911, 128 A. L. R. 713, and 53 A. L. R. 2d 572. Attention may be directed to 10 C. J. S. 15, § 3. This court labored mightly before deciding that a *mother* might testify that her child was not the child of her husband, see the opinions written in the case of *Stillie v. Stillie*, 115 Kan. 420, 223 Pac. 281, 119 Kan. 816, rehearing 120 Kan. 565, 244 Pac. 844; 121 Kan. 591, 249 Pac. 672; and see further *Lynch v. Rosenberger*, 121 Kan. 601, 249 Pac. 682. Further citations dealing with the presumption will be found in the opinions in *Sharp v. Losee*, 109 Kan. 211, Syl. § 12, 199 Pac. 94; and the late case of *In re Estate of Julian*, 184 Kan. 94, p. 98, 334 P. 2d 432.

In none of the cases collected above will be found a situation where a father dared to try to prove that his child born during his marriage to the mother was not his child in the face of his own verified allegation of his own parenthood and the vehement verified allegations of the mother to the same effect. Under the pleadings there is no question that the parties were living together when the child was conceived. It is so stated and is not denied.

Other questions are raised in the briefs of the parties, but the apparent invalidity of the judgment appealed from makes it unnecessary to discuss them in this opinion.

This court would recommend to the district court that should any further proceedings be had in this action for divorce or if a new

action be instigated, then the district court should appoint immediately a guardian *ad litem* to protect the interests of the infant child in this case. This suggestion is made without any consideration of the question of the jurisdiction of the court to bastardize an infant alien friend who is domiciled many thousand miles from the location of the court room based upon such personal jurisdiction as the court may have acquired by the uncounselled appearance of the mother by the filing of an answer in the case by air mail. This question has not been briefed by either party to this appeal. Furthermore, since the mother and child are presumed to be citizens of a friendly and allied power, The Republic of the Philippines, we would think the court would be justified in case of any further proceedings in this matter to ask the Sedgwick County Bar Association to appoint counsel to aid the mother in the case, at the cost of the father, as a proper instance of legal aid. The counsel appointed or the guardian *ad litem* might well notify the nearest Philippine consul's office or the embassy of the Republic of the Philippines in Washington, D. C. The Republic may well be interested in protecting the rights of its citizens.

The void judgment appealed from is reversed and the case remanded to the trial court for further proceedings in accord with the views expressed in this opinion.

It is so ordered.