No. 42,057

Mary Frances Craig, *Appellant*, v. James Richard Craig, *Appellee*.

(359 P. 2d 842)

Opinion filed March 4, 1961.

*A. D. Weiskirch,* of Wichita, argued the cause, and was on the briefs for the appellant.

*William L. Fry,* of Wichita, argued the cause, and *J. D. White* and *John D. McBride,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: The appellant was divorced from the appellee by decree of the district court on May 17, 1957. After certain attempts to collect the alimony judgment included in the decree of the court, appellee filed a motion to vacate the alimony judgment. The court sustained the motion and set aside the judgment for $7,500 as alimony, and appellant promptly appealed.

Hereafter the parties will be referred to as plaintiff and defendant. Plaintiff's petition was filed October 5, 1956. The important parts thereof are set out below:

"III

"During the marital status of the parties defendant has been guilty of extreme cruelty toward plaintiff, and upon said grounds she should be granted an absolute divorce, *support money and a division of the properties of the parties in an amount that to the court seems meet and equitable.* Further she is fearful that defendant will make disposition of some of the properties of the parties unless he is temporarily restrained and enjoined from doing so.

"Wherefore, plaintiff prays the court for a decree of divorce, *for support money and a division of the property* of the parties hereto that to the court seems equitable, for a temporary restraining order restraining the defendant from disposing of any of the properties of the parties hereto until the further order of this court, for court costs, attorney fees *and all other equitable relief to which the plaintiff may be entitled.*" (Italics supplied.)

The defendant was personally served with summons on October 8, 1956 and endorsed upon the summons appeared the following:

"Suit brought for a decree of divorce, support money, attorney fees, court costs, and a temporary restraining order restraining the disposition of his land and their properties."

The record shows that thereafter defendant engaged counsel who appeared, filed certain motions and argued the same; still later in November, 1956, defendant filed an answer. Thereafter certain attempts were made to settle the disagreements of the parties, but we are advised that such attempted settlement could not be made because the parties continued to disagree as to the claims of the plaintiff upon the defendant's property.

On March 18, 1957, plaintiff filed a praecipe to put the case on the trial docket, and the case was assigned for trial on May 17, 1957. On May 6, 1957 defendant's counsel, for cause which is unknown, served both plaintiff and defendant with notice that they were withdrawing from the case.

The suit came on for trial on the day set and defendant did not appear either by counsel or in person. Plaintiff put on her own evidence and the court granted her the divorce as above noted, and further decreed that she should have certain personal property then in her possession; that she should have alimony of $7,500, which was to draw interest at six percent until paid, and that plaintiff should be restored to her maiden name. She was also allowed $300 for attorney fees.

Nothing further appears to have been done in the case until November 17, 1959, at which time a writ of execution was issued to collect the unpaid alimony. The writ was returned unsatisfied on November 19, 1959. Thereafter, a new writ of execution was issued and plaintiff began proceedings in aid of execution by filing a motion under G. S. 1949, 60-3486 to have the defendant brought in to answer as to his property. This order was issued February 17, 1960, and required defendant to appear for examination on March 1, 1960.

On March 1, 1960 defendant appeared with his present counsel and filed a motion to quash the order for his appearance and also the judgment for alimony. As grounds to substantiate this motion, it is therein recited that the petition in the divorce case made no reference to alimony and did not include any prayer for alimony; that defendant had no notice of plaintiff's demand for or the judg-

ment for alimony. This motion was sustained after it was argued before the second division of the Sedgwick county district court. We would note that the judgment was rendered by the judge of the sixth division of the court.

At this point, this court feels constrained to say that it would appear to be for the best interest of all concerned if the rules of the Sedgwick county district court were amended to provide that after a particular order or judgment had been rendered in one of the divisions, all motions in regard to such order or judgment be brought before the same judge who rendered the order or judgment, if that same judge be still on the court.

We would also direct attention to a matter which probably had the effect of inadvertently misleading the learned judge who heard the motion. In the second paragraph of the journal entry of the order sustaining the above motion is to be found the following statement:

"Thereupon, counsel for the plaintiff announces in open court that plaintiff stipulates to the allegations of fact as set forth by defendant."

Had the petition actually contained no reference to alimony, as stated in the motion, the defendant would have a serious argument that such order for alimony was indeed void and subject to being set aside under G. S. 1949, 60-3009. Attention may be directed to *Bariuan v. Bariuan,* 186 Kan. 605, 352 P. 2d 29. But even then, plaintiff might well have moved to amend the petition to conform to the proof in accord with the principles set out in *Cadwallader v. Bennett,* 187 Kan. 246, 356 P. 2d 862. But to return to the case at bar, we do not feel that an inadvertent oral statement can vacate a valid and binding judgment.

The pertinent language of the petition is set out *supra.* It is to be seen that the claim of "support money and a division of property" is definitely and clearly made both in the body of the petition and in the prayer. Moreover, the prayer further asks "all other equitable relief to which the plaintiff may be entitled." We may pause to observe that under article 2, section 18 of the Kansas constitution and G. S. 1949, Chap. 60, art. 15, cases involving divorce, alimony and other domestic problems are tried on the equity side of the district court.

The words "support money" are perhaps not words of art such as "alimony" might be, but are certainly clear in the meaning of a demand for support from the erring husband, which, technically,

may be denominated as alimony. In *Grimes v. Grimes,* 179 Kan. 340, 295 P. 2d 646, the fourth paragraph of the syllabus reads:

"There is no hard and fast rule in this jurisdiction for determining the amount of alimony a trial court shall award where a wife is granted a divorce by reason of the husband's fault (G. S. 1949, 60-1511). However, it is error to allow nothing."

Attention is also directed to *Meads v. Meads,* 182 Kan. 361, 320 P. 2d 830, in which case the second paragraph of the syllabus reads:

"Where a wife is granted a divorce by reason of the fault of the husband, it is mandatory under the provisions of G. S. 1949, 60-1511 that the trial court allow the wife alimony either in real or personal property, or both, or by decreeing to her such a sum of money, payable either in gross or in installments, as the court may deem just."

The defendant relies heavily upon the case of *Fincham v. Fincham,* 160 Kan. 683, 165 P. 2d 209. In that case, the husband brought a suit for divorce and the wife contested his right to the divorce and filed a cross petition seeking to cancel an antenuptial contract on the ground that it was contrary to public policy and for other additional reasons. The case was tried upon the issues so framed, and the defendant wife prevailed in that the husband was denied a divorce and the antenuptial contract held to be at least partially void. It would appear that the wife then attempted to amend her cross petition by adding for the first time charges of misconduct upon the part of the husband and sought separate support and maintenance from her husband. The district court allowed the amendment. This court held that such amendment could not be made under the statute now appearing as G. S. 1949, 60-759, and that such amendment constituted a new cause of action which had not been tried by the parties. Attention is directed to page 693 of the Fincham opinion where it is said:

"Neither her answer nor cross petition contained a charge of misconduct on the part of the plaintiff of any kind. There was no prayer for alimony or for separate support and maintenance. Upon the issues indicated the action was tried. The amendment to defendant's cross petition brought in an entirely new cause of action against the plaintiff. No issues were joined thereon. In the amendment plaintiff was advised for the first time that defendant would seek affirmative relief against him in the form of alimony or separate support and maintenance on the ground of his extreme cruelty or gross neglect of duty. While great liberality is allowed in pleadings G. S. 1935, 60-759 does not sanction the amendment made. It allows amendments, before or after judgment, in furtherance of justice when such amendment does not substantially change the claim or defense. In view of the circumstances we do not believe

the amendment fairly could be said to have been allowed in furtherance of justice."

We do not believe the Fincham case in any manner governs the case at bar, except to support the decision here made.

The petition in this case gave the defendant fair warning that plaintiff was asking for a divorce, "support money" and a division of property. Defendant was personally served and appeared in the case. We think the mere failure to use the word "alimony" is immaterial.

The order striking the judgment for alimony must be reversed and set aside by the trial court and the judgment for alimony reinstated. It is hereby so ordered.